ELECTRONIC

**June. 17, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SANDRA W. FILLICHIO,                **09-60893 Civ-Dimitrouleas/Snow**

     Plaintiff,

v.

REGIONAL ADJUSTMENT BUREAU, INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the common law tort of intrusion upon seclusion.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

    3.    Plaintiff, SANDRA W. FILLICHIO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, REGIONAL ADJUSTMENT BUREAU, INC., is believed to be a corporation and citizen of the State of Texas with its principal place of business at Suite 120, 3310 Keller Springs Road, Carrollton, Texas 75006.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant  regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.      Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

May 3, 2008                    Home Phone
Sandra Fillichio. This is Amber Fisher. I need for you to get in touch with me at 866-536-7392. It is very important that I hear from you today.

May 12, 2008                   Home Phone
A very important message for Sandra Fillichio. This is Teresa Jenkins. I do need a return phone call today. I can be reached today at 866-536-7392. The call is important. I do need to speak with you today. Again the number is 866-536-7392.

2

May 15, 2008                    Home Phone
Sandra Ficheno. This is Michelle King. I need a return call today. My
number in my office is 1-866-536-7392. 866-536-7392. I need a return call
today as quickly as possible. 866-536-7392. Return my call today as quickly
as possible.

May 19, 2008                    Home Phone
Hi, this message is for Sandra Fillichio. I am James Hall. It is important that
you contact me. My number 1-866-536-7392.

June 5, 2008                    Work Voice Mail
The message is important for Sandra Fillitio or Fillichio. This is Tonya
Jones. This is the only contact that I have to reach you on Sandra, so you
may want to contact me and update your records at 1-866-536-7392. 866-
536-7392. Good day.

June 6, 2008                    Cellular Phone
Hi, good morning Ms. Sandra. This is Tonya Jones. It is very important,
Sandra, that I speak with you. Return my phone call please. 1-866-536-7392.
Again, Sandra Fillichio, this is Tonya Jones. Return the phone call at 866-
536-7392. Thank you.

June 18, 2008                    Cellular Phone
Sandy Fillichito, Fillichio or Fillitio. This is Tonya Jones and Sandra I have
left several messages. I really must speak with you on some important and
imperative information. At this point you need to return the phone call to 1-
866-536-7392. 1-866-536-7392. Thank you.


11.    Based upon information and belief, Defendant left similar or identical

messages on other occasions within one year of the filing of this complaint.

(Collectively, "the telephone messages").

3

12.     In addition to the foregoing messages, Defendant left numerous other messages for Plaintiff in the one-year period immediately prior to the filing of this complaint.

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

15.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16.     Plaintiff incorporates Paragraphs 1 through 15.

17.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

4

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

18.  Plaintiff incorporates Paragraphs 1 through 15.

19.  Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose its name and the

purpose of Defendant's communication in the telephone messages in violation of

15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-

61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September

23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga.

1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

20.  Plaintiff incorporates Paragraphs 1 through 15.

5

21.    Defendant asserted the right to collect a debt by leaving repeated
telephone messages for Plaintiff without disclosing its name, that it is a debt
collector, and the purpose of its communications, all done when Defendant knew it
did not have a legal right to use such collection techniques in violation of Fla. Stat.
§559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**COUNT IV**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

22.    Plaintiff incorporates Paragraphs 1 through 15.

23.    By failing to disclose its name, that it is a debt collector, and the
purpose of its communication, Defendant willfully engaged in conduct the natural
consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

6

c.      Such other or further relief as the Court deems proper.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

24.     Plaintiff incorporates Paragraphs 1 through 15.

25.     Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> Abusive debt collection practices contribute to the number of
> personal bankruptcies, to marital instability, to the loss of jobs,
> and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

26.     Defendant intentionally interfered with the solitude and seclusion of

Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via

repeated telephone calls placed by the use of illegal means and thereby invaded

Plaintiff's privacy, seclusion, and solitude.

27.     Defendant intentionally caused harm to Plaintiff's emotional well

being by engaging in highly offensive conduct in the course of collecting the

alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

28.     Plaintiff has a reasonable expectation of privacy in maintaining

Plaintiff's solitude, seclusion and private affairs.

29.     These intrusions and invasions against Plaintiff occurred in a way that

is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages; and

      c.     Such other or further relief as the Court deems proper.

**COUNT VI**
**DECLARATORY RELIEF AND PERMANENT INJUNCTION**

30.    Plaintiff incorporates Paragraphs 1 through 15.

31.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FDCPA and FCCPA.

32.    Plaintiff seeks a permanent injunction prohibiting Defendant from failing to disclose its name and failing to disclose it is a debt collector in telephone messages to consumers.

WHEREFORE, Plaintiff requests that the Court enter judgment:

      a.     declaring that Defendant's practices violate the FDCPA and FCCPA;

      b.     permanently injoining Defendant from engaging in the violative practices;

      c.     Attorney's fees, litigation expenses and costs of suit; and

      d.     Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

8

Dated this ___ day of June, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sandra W. Fillichio | Regional Adjustment Bureau, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **Broward**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Donald A. Yarbrough, Esq. Post Office Box 11842**

**Fort Lauderdale, FL 33339, Telephone (954) 537-2000**

ATTORNEYS (IF KNOWN)

0:09cv60893 WPD/LSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II.  BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | | | PTF DEF (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | | PTF |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | | Incorporation and Principal Place of Business in This State | | 1 | | ☐ 1 |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | | Incorporation and Principal Place of Business in Another State | | 2 | | 2 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | | Foreign Nation | | ☐ 3 | | ☐ 3 |

**IV.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

| NATURE OF SUIT | (PLACE AN X IN ONE BOX ONLY) | | | |
|---|---|---|---|---|
| **A CONTRACT** | **A TORTS** | **B FORFEITURE PENALTY** | **A BANKRUPTCY** | **A OTHER STATUS** |
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus   ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General*   ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other* | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights *A or B | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled   ☐ 5. Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION No | DEMAND s N/A | ☐ Check YES only if demanded in complaint   JURY DEMAND: | ☒ YES ☐ NO |
|---|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: June 16, 2009   SIGNATURE OF ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY: Receipt No. 546573   Amount: 350 00 |
|---|---|
| S/F 1-2 REV. 9/94 | Date Paid: _____   M/ifp: _____ |

F:\...\266449/5pld011.DOC/6/08/09/26094.010400